UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEBRA LYNN MCMILLAN,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Acting Commissioner of Social Security,<br><br>Defendant. | CAUSE NO.: 1:18-CV-110-HAB |

**OPINION AND ORDER**

Plaintiff Debra Lynn McMillan seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for Social Security Disability Insurance Benefits. Plaintiff alleges that she has been disabled, and unable to work, since September 2014 due to neck, shoulder, and back pain. After a hearing, an administrative law judge (ALJ) concluded that Plaintiff was not disabled. For reasons set forth in this Opinion, the Court affirms the ALJ's decision.

**BACKGROUND**

In February 2015, Plaintiff filed an application for Disability Insurance Benefits, asserting that she was unable to work due to arthritis, osteoarthritis, depression, anxiety, degenerative disc disease, and neck fusion. The claim was denied initially in May 2015, and upon reconsideration in June 2015.

Plaintiff requested a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). Following the five-step process that an ALJ conducts when deciding whether to grant or deny benefits,

*see* 20 C.F.R. § 404.1520; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001), the ALJ concluded that Plaintiff was not disabled. She found that Plaintiff had satisfied the first two steps because she had not engaged in substantial gainful activity since the alleged onset date (step 1), and her degenerative disc disease, degenerative joint disease, sleep apnea, morbid obesity, and carpal tunnel syndrome were severe impairments (step 2). Because Plaintiff's impairments did not meet or equal any of those listed in the regulations (step 3), the ALJ evaluated Plaintiff's residual functional capacity (RFC) and concluded that Plaintiff could perform light work as defined in 20 C.F.R. § 404.1567(b) if she also had an option for sitting, standing, and walking. Additionally, the ALJ limited Plaintiff to occasional bending, pushing, pulling and reaching overhead with the right extremity. Plaintiff could handle and finger frequently. With this RFC, the ALJ concluded that Plaintiff, although she had no past relevant work (step 4), could perform other jobs that existed in significant numbers in the national economy (step 5).

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff filed an appeal to this Court on April 29, 2018. Plaintiff has submitted one issue for review. She argues that the ALJ erred when she did not incorporate limitations from upper extremity impairments into the RFC. Defendant, in response, argues that Plaintiff's claim is without merit, as the ALJ included limitations related to Plaintiff's upper extremity into the RFC, and the decision is supported by substantial evidence.

## STANDARD OF REVIEW

A person suffering from a disability that renders him unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. § 423(d)(2)(A).

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm

it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004).

**ANALYSIS**

The ALJ, arriving at the RFC, explained that "[d]ue to the degenerative changes in her neck, back, and shoulders, sleep apnea, obesity, and bilateral carpal tunnel syndrome combined with her subjective complaints of pain and fatigue, [Plaintiff] is reasonably limited to light work with additional postural and manipulative limitations." (R 19.) Therefore, in addition to limiting Plaintiff to light work, the ALJ also found that Plaintiff required the option to sit, stand, or walk. She was also limited to occasional bending, pushing, pulling and reaching overhead with the right extremity.

Plaintiff asserts that the ALJ's RFC assessment was deficient because it did not include any "head/neck movement limitations related to rotation, flexion and extension." (Pl.'s Br. 12, ECF No. 17.) According to Plaintiff, objective medical evidence, in addition to the consultative examiner's opinion, required that the ALJ include a limitation to address the restrictions in Plaintiff's range of motion.

The RFC measures what work-related activities a claimant can perform despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). It is the most the claimant can still do. *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008) (citing 20 C.F.R.

4

§ 404.1545(a)(1)). A claimant's RFC must be based upon the medical evidence in the record and other evidence, such as testimony by the claimant or her friends and family. 20 C.F.R. § 404.1545(a)(3). The ALJ must consider the combined effect of all the claimant's impairments. *See* 20 C.F.R. § 404.1545(a)(2) & (e).

Here, the ALJ provided a detailed narrative of Plaintiff's joint and spinal impairments. the ALJ acknowledged that Plaintiff's "records [were] significant for a history of reported neck pain as well as various treatments and medical procedures for degenerative disc disease and degenerative joint disease." (R. 17.) She stated that "[d]iagnostic images of [Plaintiff's] neck, back, and shoulders confirmed the presence of impairments, including mild multilevel lumbar degenerative disc disease, multilevel facet arthropathy of the cervical spine, and degenerative changes of the right shoulder." (*Id.*)

The ALJ noted Plaintiff's treatment of her right shoulder, which resulted in improved flexion, extension, and rotation, as well as 5/5 strength in all planes. (*Id.*) The ALJ discussed Plaintiff's two cervical fusion surgeries. At a post-operative office visit following Plaintiff's second cervical fusion, performed on September 4, 2015, she reported neck pain, but the surgeon believed this to be related to her smoking. (R. 651 (noting that MRI was negative for any issues and symptoms were related to non-healing due to smoking).) In a follow-up in February 2016, Plaintiffs' fusion was noted to be doing well, with Plaintiff improving despite some neck stiffness. (R. 649.)

The ALJ also discussed Plaintiff's physical therapy treatment plan "to reduce pain and increase endurance, strength, and range of motion, and to improve functional skills

5

in her joints, neck, and back following surgical procedures." (R. 17). Plaintiff was discharged from physical therapy two months following her 2015 cervical fusion for noncompliance with treatment and failing to contact the office for scheduling and treatment. (*Id.*)

The ALJ stated that, despite Plaintiffs' reports of joint, neck and low back pain, her longitudinal treatment records revealed good strength and range of motion.

Plaintiff argues that "range of motion deficits in [c]ervical rotation, extension, and lateral flexion" that were identified by the consultative examiner provide a basis for "head/neck movement limitations," along with Plaintiff's radiculopathy, surgeries, and pain medication. (Pl.'s Br. 11–12). On May 1, 2015, H.M. Bacchus, Jr., M.D. performed a consultative exam. (R. 17, 455–463). Dr. Bacchus noted range of motion "deficits in the neck, lower back[,] and knees" (R. 18, 456.) Plaintiff had tenderness with range of motion in her right shoulder, but she "retain[ed] good [range of motion]." (R. 18, 456.) Dr. Bacchus concluded that Plaintiff "appear[ed] to retain the physical functional capacity to perform light duties with alternate sitting, standing[,] and walking. She may have some difficulty with repetitive bending, twisting and turning, and repetitive pushing, pulling[,] and overhead reaching involving her [right upper extremity]." (R. 19, 457.)

The ALJ's RFC limited Plaintiff to light work with alternate sitting, standing, and walking. This mirrors Dr. Bacchus's conclusion that Plaintiff "appears to retain the physical capacity to perform light duties with alternate sitting, standing and walking." (R. 457.) Dr. Bacchus noted, during his exam, that Plaintiff had some range of motion deficits in her neck, low back and knees. (R. 456.) The ALJ acknowledged these findings.

6

(R. 18.) When the ALJ ultimately limited Plaintiff's bending, pushing, pulling, and overhead reaching with the right extremity, this too was consistent with Dr. Bacchus's opinion that Plaintiff might have some difficulty with those motions on a repetitive basis. (R. 457.) Dr. Bacchus did not suggest any limitations beyond those addressed in the RFC to account for range of motion deficits, and the Court does not think it unreasonable for the ALJ to have accounted for the range of motion deficits by limiting Plaintiff to occasional bending, pushing, pulling, and reaching, in addition to permitting her to otherwise change her posture.

The determination of the RFC is an issue reserved to the ALJ. 20 C.F.R. § 404.1527(e)(2). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of the ALJ's reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)). The ALJ has done so here. Every page of the administrative record that Plaintiff cites as proof that the "the absence of the rotation, extension, and flexion limitations" was "illogical" (Pl.'s Br. 12), was accounted for in the ALJ 's decision. The ALJ cannot be accused of ignoring an entire line of evidence, or selecting and discussing only the evidence that favored her ultimate conclusion. Plaintiff's appeal presents this Court with the prospect of inappropriately reweighing evidence, resolving conflicts, deciding questions of credibility, or substituting its own judgment for that of the Commissioner. Under the deferential standard of review, Plaintiff has not identified grounds for remand.

## CONCLUSION

For the reasons cited above, the Court AFFIRMS the Commissioner's decision.

SO ORDERED on September 3, 2019.

                         s/ *Holly A. Brady*
                         JUDGE HOLLY A. BRADY
                         UNITED STATES DISTRICT COURT